Good morning, Your Honors. This is not a complex case. The IJ, in this case, erred as a matter of fact and as a matter of law in denying Ms. McCurchan's asylum application. Substantial evidence in the record demonstrates that Ms. McCurchan was persecuted on account of her while in Armenia by Armenian authorities. This Court has consistently found persecution that a petitioner was persecuted where the petitioner suffered physical harm, especially where the physical harm occurred on more than one occasion and was coupled with other sorts of non-physical harm such as threats or detention. That is the case here. Ms. McCurchan was physically harmed on numerous occasions. She was stoned and struck in the head in 1998 based on her Pentecostal beliefs. Her christening ceremony was halted by police. She was attacked with her Pentecostal group and beaten in 1999. She was attacked in her home by soldiers who warned her to not practice her faith and also attacked her family members and ransacked her home. And she was detained for three days by police while being beaten and interrogated and told to cease proselytizing. In addition to these physical harms, Ms. McCurchan suffered non-physical harm. She was threatened with future arrests and detention by police and soldiers on numerous occasions. She was in fact detained for three days while being beaten and interrogated and she suffered numerous instances of harassment and discrimination. The I.J. in this case erred on two misstatements in denying Ms. McCurchan's asylum application. First, the I.J. stated that Ms. McCurchan's harms were not carried out by the Armenian government. This is false. The record indicates that in fact two of the acts were committed directly by police, the halting of her christening ceremony and her three-day arrest and detention during which she was beaten and interrogated. Further, this court has held that acts of a government is unable or unwilling to control can be attributed to the state. Here, many of the harms were carried out by the Akrapa Veterans Battalion, which is a group that the record indicates the government is unable or unwilling to control. Further, on at least two occasions, Ms. McCurchan or her group attempted to report the acts to the police stated the State Department report did not support Ms. McCurchan's claims. In fact, the report supports Ms. McCurchan's claims. The report demonstrates that in Armenia, the Armenian Apostolic Church is favored over other minority religions. Armenia has created a legal framework by which minority religions must register with the state, are forbidden from proselytizing, and on many occasions have been the targets of persecution by different groups. The report documents some incidents of persecution against minority religions, one of which involved Pentecostals specifically. Now, the fact that the State Department report does not contain the specific incidents that occurred to Ms. McCurchan in this case is immaterial. This Court has stated that the State Department report is intended to be a generalized statement of the harms and conditions in a country. It is not intended to capture every sort of harm or occurrence that occurs within a country. Therefore, in this case, it was not required that the State Department report document the specific harms that occurred to Ms. McCurchan. Because Ms. McCurchan has established past persecution, she's entitled to a rebuttable presumption that she has a well-founded fear of future persecution. The government has not rebutted that presumption, has not presented any evidence of changed country conditions, and therefore, this Court can conclude that Ms. McCurchan is eligible for asylum. Now, in your judgment, why did the Court not, or why didn't the government not put on any kind of rebuttal evidence because of the fact that they felt that you had not established by substantial evidence persecution in the past? Possibly, Your Honor. I'm not sure exactly why they did that, but it's possible that they found or they believed that Ms. McCurchan had not established past persecution and therefore didn't attempt to rebut any presumption of a well-founded fear of future persecution. Likewise, by establishing past persecution, Ms. McCurchan is entitled to a presumption that she's entitled to withholding a removal. Again, the government failed to present evidence contesting this, presented no evidence of changed country conditions, and therefore, this Court can conclude that Ms. McCurchan is entitled to withholding a removal. Thank you, counsel. Finally, Your Honor, finally, Your Honors, even if this Court were to conclude that Ms. McCurchan had not established past persecution, this Court should still remand because the I.J. in this case deprived Ms. McCurchan of her due process rights. He did so by denying her the ability to testify in support of her claims. The I.J., from the beginning of the proceedings, pressured counsel to cease his direct examination, indicated he had prejudged the case as one of credibility, and asked Ms. McCurchan's counsel to defer to the government's counsel. There was an exchange between the judge and counsel, and ultimately, counsel relented and deferred to the government. Later, Ms. McCurchan attempted to add testimony to the record, and the I.J. halted her from doing so. Ms. McCurchan was prejudiced by this violation in that, in that there's a reasonable probability that she could have cleared up any ambiguities the I.J. perceived in the record, and in that this was a fundamental structural error in the proceedings. If this Court has no further questions, I'll reserve the balance of my time. Thank you, counsel. Good morning, Your Honors, and may it please the Court. My name is Jeffrey Bernstein, and I represent the Attorney General, Mr. Gonzalez. In this case, the immigration judge found that there had been no past persecution of the Petitioner or that the Petitioner had a well-founded fear of future persecution. The Petitioner does not attack the conclusion that she doesn't have a well-founded fear of persecution, only arguing that a presumption is raised. She doesn't have any truck with the immigration judge's determination that she does not have a well-founded fear. But the evidence didn't show that she doesn't have a well-founded fear. Well, the evidence, it's a presumption. If you have a past persecution, then you have a presumption, you have a fear, well-founded fear. And if they're right on the past persecution, they have established the presumption. So they seem to me they do disagree with the conclusion that there's no well-founded fear. There's no disagreement in their brief. The only thing they say with respect to the well-founded fear is that they're entitled to a presumption. They don't argue that if there is no presumption that the immigration judge erred. But let me talk about the persecution. And first pointing out that, as the Court is well aware, and I'm sure I don't have to point it out, that they can only reverse if evidence compels the conclusion opposite to the immigration judge who found no past persecution because the Petitioner had been harassed and intimidated, not persecuted. And I'd like to go through the allegations of the Petitioner to show why there is no evidence compelling an opposite conclusion. First, the Petitioner alleged that she was called names by aggressive people. Well, that's certainly not persecution. In any event, there's no details with respect to the context or how it occurred or that she was placed in any great fear by these names. It's not persecution. She alleges that she and her husband were laid off, she in 1995 and 1997. There is no evidence that her employer in 1995 discharged her or laid her off because of her religion. She said that someone else told her that it was on account of her religion, and there's no evidence with respect to that individual's knowledge regarding whether or not he was speculating or not. I mean, in any event, the economy was bad and so forth. But wasn't that the union representative? Your Honor? Wasn't that the union representative who told her that? It was a trade union representative. I don't know who that is, and I don't Well, you don't have to know who it is. It was a trade union representative. What more do you want to know? I want to know how You want to know his name, how long he's been a union member, There should be some evidence with respect to how he would be represented. Any evidence? Because the I.J. said we don't need any evidence. We'll take what you said in your affidavit. We'll assume it's true. And what she said in her affidavit is that somebody told her. There is absolutely no evidence that that person was in a position to know that information. I think the union representative is in a position to know why somebody's fired. I don't know, Your Honor. Well, you may not know. I don't know, and it would only be speculation by the court to presume. And there's no evidence compelling me. Isn't that the problem with the case, though? Because you're faulting it for lack of evidence, and yet she was precluded from putting on a fault. She wasn't precluded at all, Your Honor. I've read the transcript. She was afforded, her counsel was afforded every opportunity, as we state in the brief, to put on whatever evidence he wanted to put on. The immigration judge said, well, I see you're following the affidavit. If you're going to follow the affidavit, then why don't we have, why don't we introduce the affidavit? We'll have cross-examination. If you want to elicit any more information, you can. Did the immigration judge say that I find that this is hearsay and unacceptable, I don't believe the testimony? Did he raise any question about whether that was the reason she was fired? Oh, we're back to the firing. Did the immigration judge say anything about it? No, but again, you're, you are required to uphold the decision if the evidence doesn't compel. We're only allowed to uphold it for the reasons that the immigration judge gave. That's not correct, Your Honor, I don't think. The immigration judge certainly has to say what his decision was and he has to provide some explanation, but he doesn't have to provide a full articulation because the standard of review is so difficult. Again, evidence must be produced which would compel an opposite conclusion. Let me put the question another way. If she had been fired for her religious beliefs and her husband had been fired as she alleged, would you agree that that's past persecution? That is not past persecution. That would be discrimination, which this Court and others have ruled doesn't arise to. So why don't we get to the beatings, the alleged beatings on behalf of the police? Already on behalf of the police. Okay, because there are two alleged beatings. Yes. One by some terrorist group or whatever and one by the police. Yes, that's what I asked about. Okay. The police. All right. The police, unfortunately, in Armenia, the State Department report reveals that the police beat people that they're investigating. They beat the people that they are interrogating. They beat the people that they are holding. They beat the people who are arrested. They are equal opportunity offenders in that regard. The petitioner was taken into custody and her home was invaded because she engaged in activities which apparently the authorities viewed as proselytizing. Proselytizing is against the law in Armenia, and the police were apparently investigating and arresting and detaining based on a violation of that law. Okay, let me stop you there. Let's assume, just take the syllogism. Proselytizing in the exercise of religion is against the law in Armenia. Two, if she gets arrested for that, you tell me she's going to be beaten, right? I tell you she's going to be beaten because... Because you say it's routine. You say it's their equal opportunity. If she gets arrested for practicing her religion, practicing her religion, she's going to be beaten. Why is that a well-founded fear of persecution based on religion? Because there's no evidence that proselytizing is a part of the religion that is required, that she can't practice her religion without proselytizing. There's absolutely no evidence of that. She didn't say that. No, but what she said was she talked, and apparently this was accepted, she was talking about her religion with some people and that she was arrested for that. She said that people came up to her, well, the first woman who came up to her had said that she had lost faith in the state religion and that she wanted some information and the individual, and she provided that information. She also provided information to a friend of her daughter's. That could reasonably, it seems to me, be seen by the police as proselytizing because what proselytizing is... There's no evidence it's required that you proselytize in order to practice your religion. In her particular sect, that's correct. So your position is if you're persecuted because of practicing something in your religion, if it's not a mandatory part of the religion, it doesn't count as persecution. Well, I don't know if it's practicing your religion to proselytize. I don't know if it's the practice of the religion to induce or persuade other people to join. I don't know. There's no evidence that it is part of that religion or part of any religion. So if a Catholic goes out and tries to persuade someone else to become a Catholic and he's persecuted because of that, they say you stop trying to convert anyone else to being Catholic. It's not persecution. It's not persecution because of your religion. Let me finish, Your Honor. It's not persecution if it's based on enforcing a law. It's not persecution. It's absolutely not. The cases are clear that when police... If you outlaw religion and they're practicing religion, are you saying that you cannot base an asylum claim based on a country that outlaws a particular type of religion and arrests people and beats them? I think you can, but this is not the case here. They did not outlaw religion. I thought I heard you say that if you make something illegal, it doesn't make any difference what it is, if a country makes anything illegal, that you can't base an asylum claim on that. It's not. If it's demonstrated that it is an essential part or even part of a religion, perhaps, but that's not the case in this case. Proselytizing, there's no evidence that proselytizing is an innate part of a religion. Well, we're forgetting all that. Isn't it true that she was held by the police, put in a jail cell, interrogated, verbally abused, beaten with a rubber stick for three days, and then released? As part of her arrest investigation... Isn't that evidence of persecution? No, because they were, number one, they were doing, they took her into custody, they invaded her home because of their belief that she was disobeying the law, she was violating the law against proselytizing. I don't care. They came in and they treated her miserably, and there's no question about that. But they treat everybody miserably. So they, it's not persecution if it's not under the statute, unless it's on account of something. And there's no evidence. But it is on account. Excuse me. Why do you say that if they beat everybody, that that means that they are immune because they beat people on account of their religion? I'm not saying they're immune. She was beaten on account of her religion. There's no evidence. You're saying, no, there is. That's the only evidence in the record. She didn't do anything illegal, except for the religion. Your position is it's not on account of religion, it's on account of proselytizing. That's right. There's no evidence. And that's not religion. That's right. There's no evidence that it is, Your Honor. I think it is for Jehovah's Witnesses. But if you're beaten for wearing a cross, that's not on account of religion because nobody requires you to wear a cross. If there, I guess if there is a statute that says you can't wear a cross, that in fact might be persecution. I don't know. Why? It's not, you're not required to do it. You say only if it's a mandatory part of your religion. It's, I'm saying it's not, I think the, I would say if it's not mandatory, yes. I mean, I'm going to say I don't know where. It's not, it's not a religious expression. It's not part of the, there's no evidence that it's part of the religion to proselytize, that she can only celebrate her religion through proselytizing or that it is even a part of the religion. Well, you can celebrate being a Catholic without wearing a cross. There's nothing that says you have to wear a cross. Well, that's true. So if they say nobody's allowed to wear crosses and then they beat you when you wear a cross, that's not religious persecution. I don't know how you get around having a cross being a, wearing a cross being a manifestation of your religious beliefs. Proselytizing is not necessarily a manifestation of religious beliefs. It would seem to be the ultimate manifestation of religious beliefs when you're trying to get people to check out the religion and join. But it's certainly not, and there's no evidence that it was here, a manifestation of the, of the, of the, of her practice, of her religious beliefs. Well, your argument goes, your argument goes to fear of, we'll find a fear of future persecution. No, wait a minute. Wait a minute. Your argument, what happened in the past, undisputed, is that she was arrested and beaten because she was proselytizing. That is on account of religion, is it not? We disagree, because it is not, as I've, as I've. I mean, your defense seems to be that if, if a country beats everybody and they're beating this person because of their religious beliefs, that person cannot seek asylum. There's no evidence. Wait a minute. Wait a minute. Is that your argument? No, because there is, you, you, you're. Well, let's take it hypothetically, then. There's absolutely no evidence that she was beaten because of her religion. Why was she beaten? Right. She was beating, beaten because Armenian police are very brutal and they beat everybody and they took her, who they take into custody and who they prosecute. Why did they take her into custody? For violating the law. And the law was against proselytizing, right? That's correct, but that's not. Because it's not an official religion. I guess we could go round and round, but. You know, it just doesn't make sense to me. I mean, but if your argument truly is that if, if a country uniformly is brutal and beats everybody, and just because they beat someone on account of religion, it doesn't qualify for asylum. I don't think you can accept the argument. I accept the argument. And as I, obviously we're not communicating because I've. No, your argument is that they couldn't beat them because of a religion, but proselytizing is not an official mandated act by the religion. Well, I wouldn't go so far. There's no evidence that proselytization for her or for any member of her sect. The only thing about the Pentecostal church. A religious expression. I don't think you know much about the Pentecostal church. I don't, but, you know, I presume had, had they introduced evidence, then the immigration judge might have reached a different result. It's her burden if she didn't introduce the evidence. There's absolutely. According to the record, was it apparent to her that that was the key evidentiary point? To the evidence? No, to her. I mean, she was never put on notice that this was an issue, was she? Well, she had a lawyer and she applied for asylum and they're presumed to know the law, so. Well, she would have been the only person in the country beside you who would have known that law. Your Honor, well, I disagree with you, Your Honor. Okay. I disagree with you. What's your best case in fairness that says that you have to, it has to be part of your religion to proselytize in order for that to be considered? I don't think there's any case. There's no case, there's no statute, there's no regulation. Well, there's the asylum statute. It talks about proselytizing? It has to be part of the religion? It doesn't? Do you know that? Well, the asylum statute says that the asylum applicant has the burden of proving persecution on account of a protected status. And religion is a protected status and you, so one has to prove that if you allege you're being beaten because of proselytizing as opposed to violating the law, you have to prove that. But if proselytizing is against the law and you're arrested because you're proselytizing, the fact that you received incidental beating, I guess is your judgment, is that they beat everybody, we don't know why they're here, and therefore it's not past persecution. Tough argument to make, I'd say. Well, I think it's a correct argument. It may be a tough argument to make because I understand that it strikes a chord in most people, but unfortunately that's the law. But the logical conclusion is you give exemptions to countries that are brutal to everybody. True. Well, we're not giving – I mean, the asylum law doesn't apply to countries. We're not giving – Well, yeah, you give – You're not giving exemptions. You're saying that the individual has to prove that the mistreatment was on account of a protected class. And if I may sum up, and I'm happy to answer any further questions, but if I may sum up, the only – there was only one incident where Ms. – I can't pronounce the name either – the petitioner was struck. And that was when these people in military garb form, I guess is the words she used, came and beat her for attempting to help three other people. Assuming – and I think we can assume – that that was on account of her religion, this Court has held that one beating is certainly – Are you referring to the time she's put in jail for three days? No. I'm referring to the time – So that's in addition to what you're talking about. That's correct. I'm referring to the time – That doesn't count? I mean, if you – Well, you can have to consider it, Your Honor, but this Court's case law indicates that one beating, unless it's really severe, and she didn't introduce any evidence to show how severe it was, is not – Well, she's put in jail. Well, this was – we're talking about two different – we're talking about two different incidents, Your Honor. I know, but I'm talking about the latter situation, where she's put in jail for three days and beaten, and that's in addition to what you're talking about. Well, I think we've – the Court and I and you have had a colloquy on that for the last ten or so minutes. You didn't write the brief in this case. I did not, Your Honor. So this argument that you're making today about it's okay to beat you for proselytizing, that's not violation of the statute. That wasn't made in the brief, as I – from a quick reading of the brief. This argument you must have developed personally, right? Your Honor, I didn't write the brief, and I didn't develop it personally, no. That's certainly an – Well, whoever did gets credit for ingenuity. Well, it's an absolute – I mean, it's a correct argument. It's legally correct. Well, I'm glad to know that. My job is to tell you. Your job is to determine whether or not you agree with me. All right. Well, we're way over. You've had such an interesting theory, we've given you double the time. It's the law, Your Honor. It's just not a theory. Yes, I gather that. Okay. And let me just close by saying – Too bad we don't have rulings from the bench. Your Honor, I understand that, Your Honor. Your Honor, you know, oftentimes, you know, I don't win every case. So hopefully I'll win this one because I think the – I think we're correct on the law. Okay. Thank you. Thank you. You're not going to spend too much time, I hope. Two quick points, Your Honor. The government's argument assumes that proselytizing is a defined term. The State Farm Report, in fact, states that it's an undefined term and that the Armenian Apostolic Church can't proselytize. It's just minority religions that can't proselytize. Furthermore, the proselytizing argument only gets to one of the acts, the detention. There are other instances of physical harm, the incident when she was stoned and struck in the head, the incident in which she was beaten in the second town that she moved to on account of her Pentecostal beliefs, and the halting of her christening ceremony. Was the proselytizing outlawed because of her religion? Well, it's unclear from the record, but it seems from the report, it appears that proselytizing is an undefined term that's used to restrict the activities of minority religions. If the Court has no further questions, thank you. Thank you, Counsel. The case just argued will be submitted. Up to you. I'm fine. Thank you, Counsel. The case just argued is submitted. Thank you. Next case for argument.
judges: Lay , Reinhardt, Thomas